

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 26, 1970

Dr. M. H. Crabb                    Opinion No. M- 587
Secretary
Texas State Board of              Re: Authority of Texas State
  Medical Examiners                    Board of Medical Examiners
1612 Summit Ave., Suite 303            to delegate authority to
Fort Worth, Texas  76102               other than a member of the
                                       Board to hold and proctor
                                       examinations for a medical
Dear Dr. Crabb:                        license.

        You have requested an opinion from this office on the
following question:

        "The Texas State Board of Medical Examiners
    is requesting an Opinion as to whether or not
    the Texas State Board of Medical Examiners may
    delegate authority to someone not a member of
    the Texas State Board of Medical Examiners to
    hold and proctor examinations, the questions being
    prepared and approved by the Texas State Board of
    Medical Examiners, and the Texas State Board of
    Medical Examiners grading all the papers."

        With reference to subdelegation of power, that is, the
authority of an administrative agency to delegate power previously
delegated to it, we quote from 47 Texas Jurisprudence 2d, 149,
Public Officers, Section 114:

        "It is a general rule that public duties
    must be performed and governmental powers ex-
    ercised by the officer or body designated by
    law; they cannot be delegated to others."

        Therefore, we must look to the statutes which govern the
powers of the Texas State Board of Medical Examiners to see if
there is any authority for the Board to delegate authority to
someone not a member of the Board to hold and proctor examinations.

        Article 4501, Vernon's Civil Statutes, provides, in part,
as follows:

"All applicants for license to practice medicine in this State not otherwise licensed under the provisions of law must successfully pass an examination by the Texas State Board of Medical Examiners. The Texas State Board of Medical Examiners is authorized to adopt and enforce rules of procedure not inconsistent with the statutory requirements. . . ." (Emphasis added.)

Article 4503, Vernon's Civil Statutes, provides, in part, as follows:

"All examinations for license to practice medicine shall be conducted in writing in the English language, and in such manner as to be entirely fair and impartial to all individuals and to every school or system of medicine. All applicants shall be known to the examiners only by numbers, without names, or other method of identification on examination papers by which members of the Board may be able to identify such applicants or examinees, until after the general averages of the examinees' numbers in the class have been determined, and license granted or refused. Examinations shall be conducted on anatomy, physiology, chemistry, histology, pathology, bacteriology, diagnosis, surgery, obstetrics, gynecology, hygiene, and medical jurisprudence. Upon satisfactory examination conducted as aforesaid under the rules of the Board, applicants shall be granted license to practice medicine. All questions and answers, with the grades attached, authenticated by the signature of the examiner, shall be preserved in the executive office of the Board for one year. . . ." (Emphasis added.)

Although Article 4501, supra, provides that "the Board is authorized to adopt and enforce rules of procedure not inconsistent with the statutory requirements," it is apparent that the Legislature, in designating the agency "Texas State Board of Medical Examiners," intended just what the name implies; that is, that the Board members personally should examine the applicants for medical licenses, prescribe the examinations, give the examinations, and determine that the applicants pass such examination.

It is further set out in Article 4503, supra, on details of examinations, that all applicants should be known to the examiners only by numbers, without names, or other method of identification on examination papers by which members of the Board may be able to identify such applicants or examinees.

We are of the opinion that questions concerning the eligibility of an applicant to take such examination for a medical license and the taking of the examination requires the exercise of discretion, which may be made only by a Board member.

We do not find any language in the statutes which would authorize the Board of Medical Examiners to delegate the holding and proctoring of examinations for a medical license to an individual other than a Board member.

It is therefore the opinion of this office that the Texas State Board of Medical Examiners does not have the authority to delegate to someone not a member of the Texas State Board of Medical Examiners the authority to hold and proctor examinations for a medical license.

## S U M M A R Y

Under the provisions of Articles 4501 and 4503, Vernon's Civil Statutes, the Texas State Board of Medical Examiners does not have the authority to delegate to other than a member of the Board, the duty of holding and proctoring an examination for a medical license.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

Dr. M. H. Crabb, page 4  (M-587)

Fisher Tyler
Malcolm Smith
Glenn Brown
Malcolm Quick

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant

ALFRED WALKER
Executive Assistant